## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TIMOTHY WAYNE MORRIS,<br>Appellant,<br><br>v.<br><br>NATIONAL AERONAUTICS AND<br>SPACE ADMINISTRATION,<br>Agency. | DOCKET NUMBER<br>AT-0752-15-0015-I-1<br><br><br>DATE: August 19, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Timothy Wayne Morris, Jefferson, Georgia, pro se.

Charles Alexander Vinson and Miata L. Coleman, Esquire, Kennedy Space
  Center, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction without a hearing because he failed to make a nonfrivolous allegation that his retirement was an involuntary action

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

and his other claims are unreviewable absent an otherwise appealable action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant had been a Safety and Occupational Health Specialist at the Kennedy Space Center for almost 10 years when, on February 12, 2014, he applied for a voluntary early retirement under the agency's Voluntary Early Retirement Authority (VERA). Initial Appeal File (IAF), Tab 7 at 49-50, 64. On his application form, he represented that his decision to retire was voluntary and he elected a separation date of September 30, 2014. *Id.* at 49.

¶3 After he applied for retirement, he continued to work for the agency, and on June 9, 2014, his branch chief informed him that his annual rating for the period from May 1, 2013, through April 30, 2014, was "Fully Successful (meets)." IAF, Tab 6 at 23, 28, Tab 7 at 30-48. This was a lower rating than the appellant had received in prior years, IAF, Tab 7 at 51-63, and the branch chief told him how he might contest the rating, IAF, Tab 6 at 29.

¶4 Beginning on June 11, 2014, the appellant was out of work in a leave without pay status, apparently related to an on-the-job injury,[2] and he returned to duty status on September 3, 2014. IAF, Tab 7 at 22, 27-29. During this period, the appellant communicated with various agency officials regarding his workers' compensation claim and the option of applying for disability retirement. *E.g.*, IAF, Tab 6 at 11-15, 19, 41, 148-49, 153-58, Tab 12 at 2-21. According to the appellant, he also sought assistance in relocating to another office due to alleged unfair working conditions, citing in particular his June 2014 performance appraisal, his medical status and compensable injury, his workers' compensation claim, and disability discrimination. *E.g.*, IAF, Tab 12 at 7-12. The agency eliminated most of his duties in September 2014, purportedly because of his impending retirement, and assigned him to a new direct supervisor. *Id.* at 32, 57. In a meeting on or about September 9, 2014, the agency informed the appellant that he would return to the existing chain of command for his position if he withdrew his request for early retirement. *E.g.*, *id.* at 9, 32, 57.

¶5 On or about that same day, the appellant also spoke with his union president about concerns that are not clearly specified in the record, but which presumably relate to his complaints of discrimination and unfair working conditions described throughout his pleadings. IAF, Tab 14 at 8. On September 22, 2014, he emailed his union president regarding the status of his request to file a grievance, and the union president replied that their prior informal conversation had not been a formal grievance request. *Id.* He instructed the appellant to review the collective bargaining agreement and use a grievance form to notify the union of any particular violation. *Id.* He explained that the union would then review the grievance and determine whether it warranted being forwarded to the appropriate officials. *Id.* He also advised that the appellant may need to contact the equal employment opportunity office due to the nature of his concerns. *Id.*

---

[2] The appellant appears to have received workers' compensation benefits for the period from June 11, through August 1, 2014. IAF, Tab 7 at 22.

¶6    According to the appellant, he submitted his retirement package in mid-September after being informed he would return to his existing command if he did not retire as planned.  IAF, Tab 12 at 9, Tab 14 at 2.  His application for immediate retirement, which he signed on August 19, 2014, elects an effective date of September 30, 2014.  IAF, Tab 7 at 23-26.  The agency separated him from service as retired under a special option effective September 30, 2014.  *Id.* at 16.

¶7    The appellant filed an appeal with the Board and requested a hearing.  IAF, Tab 1.  He alleged initially that the agency had violated his medical privacy under the Health Insurance Portability and Accountability Act (HIPAA) and had discriminated against him based on his disability by giving him the largest workload while he was injured and lowering his annual performance rating.  *Id.* at 5.  The administrative judge notified him of his burden of proving that the Board has jurisdiction over his appeal by preponderant evidence and that the Board generally lacks jurisdiction over HIPAA violations or discrimination claims absent an otherwise appealable action.  IAF, Tab 5 at 1-2.  During a telephonic status conference with the parties, the administrative judge clarified that the appellant was alleging that his retirement was involuntary, and she ordered him to file evidence or argument amounting to a nonfrivolous allegation that his retirement was an involuntary action within the Board's jurisdiction.  IAF, Tab 11.  The administrative judge explained that he could meet this burden by alleging facts that, if proven, would show that his retirement was involuntary because of duress, coercion, or misrepresentation, such as by making detailed factual allegations that the agency made his working conditions so difficult that a reasonable person in his position would have felt compelled to retire, or that he relied to his detriment on misleading statements made by the agency.  *Id*. at 3.

¶8    In response, the appellant alleged that his communications with several agency officials from June through September 2014, were misleading and coercive.  IAF, Tab 12 at 2-7.  He further argued that the agency coerced his

retirement by creating intolerable and discriminatory working conditions by, among other things, improperly lowering his performance rating and refusing his request to relocate. *Id*. at 7-21. He argued that agency officials repeatedly threatened him by telling him that, should he not retire pursuant to the VERA by September 30, he would "return to the same job under [the] same working conditions and chain of command." *Id*. at 9.

¶9    The administrative judge found that the appellant failed to make a nonfrivolous allegation that his retirement was tantamount to a constructive removal within the Board's jurisdiction. IAF, Tab 16, Initial Decision (ID) at 6-8. The administrative judge found that, even if proven, the alleged coercive statements from agency employees were neither misleading nor material to his decision to take an early retirement under the agency's VERA program. ID at 6-7. The administrative judge further determined that the appellant failed to make a nonfrivolous allegation of an objectively intolerable working environment that would have compelled a reasonable person to retire due to improper acts by the agency. ID at 7-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶10    In his petition for review, the appellant renews his arguments that his appeal is within the Board's jurisdiction because the agency forced his retirement. Petition for Review (PFR) File, Tab 1. To overcome the presumption that his retirement was a voluntary action outside the Board's jurisdiction, he must show that it was the result of the agency's misinformation, deception, or coercion. *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5 (2010). If the appellant presents nonfrivolous allegations of Board jurisdiction—i.e., allegations of fact that, if proven, could establish Board jurisdiction—he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *Hosozawa*, 113 M.S.P.R. 110, ¶ 5. For the

following reasons, we find that the appellant has failed to demonstrate any material error in the initial decision, and we agree with the administrative judge's explained finding that the appellant failed to make a nonfrivolous allegation of Board jurisdiction.

¶11  On review, the appellant restates his arguments that the agency coerced his retirement by subjecting him to discrimination and intolerable working conditions, and he resubmits certain documents that were in the record below.[3] PFR File, Tab 1.  To establish involuntariness on the basis of coercion, he must establish that the agency imposed the terms of his retirement, he had no realistic alternative but to retire, and the retirement was the result of improper actions by the agency.  *See Hosozawa*, 113 M.S.P.R. 110, ¶ 5.  To establish that the agency coerced his retirement by creating intolerable working conditions, the appellant must show that a reasonable employee in his position would have found the working conditions so oppressive that he would have felt compelled to resign or retire.  *See id.*  The appellant's discrimination allegations are relevant to the jurisdictional issue to the extent they relate to the issue of voluntariness.  *See id.* The doctrine of coercive involuntariness is a narrow one, requiring that the employee satisfy a demanding legal standard.  *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013); *Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 22 (2014).  "An employee's dissatisfaction with the options that an agency has made available to him is not sufficient to render his decision to resign or retire involuntary."  *Conforto*, 713 F.3d at 1121.

¶12  We have considered the appellant's arguments on review, but we agree with the administrative judge's analysis that his factual allegations, even if proven, could not establish that a reasonable person in his position would have felt

---

[3] The appellant also submitted a *Florida Today* article dated after the close of the record.  PFR File, Tab 4 at 4-7.  That article, however, is immaterial to the jurisdictional issues under review.

compelled to retire. ID at 7-8; *see Hosozawa*, 113 M.S.P.R. 110, ¶ 5. The appellant asserts that his assigned workload and June 2014 appraisal were based on unlawful discrimination due to his compensable injury. *E.g.*, PFR File, Tab 1 at 8. The appellant's conclusory assertions are not supported by allegations of fact that would establish such discrimination and thus are not nonfrivolous allegations that he was subjected to an appealable action. *See Briscoe v. Department of Veterans Affairs*, 55 F.3d 1571, 1573 (Fed. Cir. 1995) ("Although an appellant need not prove her entire case before she is entitled to a hearing, the [B]oard may request sufficient evidence to determine if, in the first instance, there is any support for what otherwise might be bald allegations."). Further, even assuming he may have had a viable discrimination claim, he has not made a nonfrivolous allegation that a reasonable person would have been compelled to retire instead of challenging the alleged discrimination or other improper agency actions through available procedures. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009) (finding that the appellant failed to establish that a reasonable person would have felt compelled to resign because the appellant had the option to stand and fight the alleged discrimination, harassment, and retaliation rather than resign); *see also Garcia*, 437 F.3d at 1329 (finding that a resignation would not be involuntary if the employee had a choice whether to resign or contest the validity of the agency action).

¶13      On review, the appellant particularly argues that the agency acted improperly and coercively because it did not fulfill its obligations regarding the accommodation of his medical condition.[4]  PFR File, Tab 1 at 4-6. He asserts

---

[4] The appellant repeatedly asserts that the agency failed to provide him "interim relief," by which he appears to mean that the agency did not properly account for his asserted medical limitations. *E.g.*, PFR File, Tab 1 at 4. In Board law, the phrase "interim relief" more commonly refers to temporary relief ordered by an administrative judge to a prevailing party pending the outcome of any petition to review filed with the Board. *See* 5 U.S.C. § 7701(b)(2)(A). The administrative judge dismissed this appeal for lack of jurisdiction and appropriately did not order any interim relief as part of the initial

that the agency did not fully assess his medical condition, his job skills, the work environment, and the agency's reassignment options. *Id*. at 4-5. Because he could have raised this accommodation argument before the administrative judge but did not do so in any recognizable manner, it does not provide a basis for disturbing the initial decision. *See* 5 C.F.R. § 1201.115(d); *see also Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 18 n.2 (2002) (noting that an appellant who fails to articulate his claims with reasonable clarity and precision risks being found to have failed to meet his burden).

¶14　　In any event, the appellant's limited factual allegations, even if proven, would not establish that he was forced to retire by any improper agency act or omission related to accommodating his alleged medical condition. A resignation or retirement may be an involuntary action within the Board's jurisdiction if an agency improperly denied an employee's request for a reasonable accommodation of a medical condition.[5] *See, e.g.*, *Hosozawa*, 113 M.S.P.R. 110, ¶ 7. He has not alleged that he requested any accommodation from the agency that would allow him to continue in his position of record; rather, he sought relocation away from his existing chain of command. PFR File, Tab 1 at 4-6. We conclude that the appellant has not alleged facts that could establish that the agency was remiss in any obligation related to accommodating his medical condition. *See Brown v. Department of Defense*, 397 F. App'x 649, 653 (Fed. Cir. 2010) ("[A] request for

---

decision. ID at 8. Thus, there is no issue of the agency's failure to comply with an interim relief order under 5 U.S.C. § 7701(b)(2).

[5] We make no finding that the appellant was disabled. The September 24, 2014 physician's statement supporting his workers' compensation claim identifies his medical condition as an injury to his right great toe that restricted him from climbing, kneeling, pulling, pushing, squatting, standing, or carrying more than 20 pounds. IAF, Tab 12 at 26.

wholesale reassignment is different in nature from a request for accommodation that would allow an employee to continue her current employment.").[6]

¶15    We further agree with the administrative judge's assessment that the appellant failed to make a nonfrivolous allegation of involuntariness based on a theory of agency misinformation or deception.  ID at 6-7.  On review, the appellant emphasizes alleged "failed promises" and actions by his union.  *E.g.*, PFR File, Tab 1 at 4.  The appellant, however, must show that his *agency's* improper actions forced his retirement.  *See Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 9 (2009) (finding that the union representative was not a representative of the agency and her acts could not be imputed to the agency for purposes of determining whether the appellant's resignation was involuntary); *see also Scharf v. Department of the Air Force*, 710 F.2d 1572, 1574 (Fed. Cir. 1983) (stating that "a resignation will be held involuntary if obtained by agency misrepresentation or deception").  The appellant has not alleged a valid reason for attributing any union-provided misinformation or union action to the agency for purposes of determining whether the agency had subjected him to an appealable adverse action.  *Cf. Danelishen v. U.S. Postal Service*, 43 M.S.P.R. 376, 380 (1990) (finding that the appellant failed to establish jurisdiction over his resignation based on bare allegations of collusion and conspiracy among the agency, an arbitrator, and the union).  The Board, moreover, lacks jurisdiction over a claim of a union's breach of its duty of fair representation or other claim regarding the operation of the grievance process.  *See, e.g.*, *Berry v. Department of Justice*, 31 M.S.P.R. 676, 678 (1986).  We agree with the administrative judge that the alleged statements of agency officials, even if proven, could not establish that the agency improperly compelled his retirement through misrepresentation, coercion, or duress.  ID at 6-7.

---

[6] Although the court designated its decision in *Brown* as nonprecedential, we find the analysis persuasive.  *See Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 24 n.11 (2015).

¶16    Based on the foregoing, we discern no basis for disturbing the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at    http://www.mspb.gov/probono    for    information    regarding    pro    bono

representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.